Gerald L. Bowers.
1025 Blair Rd.
Fairbanks, AK 99701
Phone: (907) 251-6253
Email: bowersoffice@mail.com

RECEIVED
APR 26 2021
Clerk, U.S. District Court
Fairbanks, AK

IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Gerald L. Bowers, Bowers Investment Company LLC. (Limited Liability Company), Bowers Office Products Inc., Yukon Maxi-Storage, Bowers General Construction.<br><br>Plaintiff(s),<br><br>vs.<br><br>Denali State Bank (Including All Board Members, Shareholders, and Associates), Denali Bancorp Inc. (Including All Board Members, Shareholders, and Associates), Steve Lundgren, Randy Weaver, Aaron Pletnikoff, Jyotsna Heckman, Aaron Hines, Monee Stewart, Dena' Nena' Henash aka Tanana Chiefs Conference (Including All Board Members, Shareholders, and Associates), Doyon Limited LLC (Including All Board Members, Shareholders, and Associates), Dineega Corporation (Including All Board Members, Shareholders, and Associates), Law Office of Jeremy Collier, Upper Tanana Development Corporation, Guess & Rudd Law Firm, Michael McLaughlin, James Dewitt, D. Randall Ensminger, First National Bank Alaska, Betsy Lawer, Jerry Walker, Bill Renfrew, Erik LeRoy, Texas Bank and Trust, Jeff Cheavens, CSG Inc. Law Firm, Zane Wilson, Jo Kuchle, Danielle Gardner, Michael Killion, Vitali Kuzmich, Kathleen Smart, Christopher Zimmerman, John Wallace, Yukon Title Company Inc. (Including All Board Members, Shareholders, and Associates), The Federal District Court for the District of Alaska, The Alaska State Court System, KeyBank, John Burns, Borgeson & Burns PC.<br><br>Defendant(s), | Case No.: 4:21-cv-00007-TMB___<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** Plaintiff(s), Bowers et al, and pursuant to Federal Rule of Civil Procedure 15(a)(1) and files this, Plaintiff's First Amended Complaint. Plaintiff expressly incorporates and adopts, as if restated verbatim herein, all facts, allegations, counts and parts of the April 14, 2021 Complaint, including, but not limited to, all prayers for relief, all causes of action, all writing within, and all exhibits to, that April 14, 2021 Complaint. The purpose of this amendment is to add two (2) additional Defendants.

## NEW DEFENDANTS

Plaintiffs add as Defendants: (1) Mr. John J. Burns, and (2) Borgeson & Burns PC, upon information and belief of their involvement and participation in alleged wrongdoing, including but not limited to, the impropriety described in Item #11 of Plaintiffs' Complaint.

## COMPLAINT

Plaintiffs Gerald L. Bowers, Bowers Investment Company LLC., Bowers Office Products Inc., Yukon Maxi-Storage, Bowers General Construction (collectively "Plaintiffs"), brings this complaint for fraud, civil conspiracy to commit fraud, abuse of process, and civil violations of the Federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1964 (c)) against Defendants (1) Denali State Bank (Including All Board Members, Shareholders, and Associates), (2) Denali Bancorp Inc. (Including All Board Members, Shareholders, and Associates), (3) Steve Lundgren, (4) Randy Weaver, (5) Aaron Pletnikoff, (6) Jyotsna Heckman, (7) Aaron Hines, (8) Monee Stewart aka Monee Smith, (9) Dena' Nena' Henash aka Tanana Chiefs Conference (Including All Board Members, Shareholders, and Associates), (10) Doyon Limited LLC (Including All Board Members, Shareholders, and Associates), (11) Dineega Corporation (Including All Board Members, Shareholders, and Associates), (12) Law Office of Jeremy Collier, (13) Upper Tanana Development Corporation, (14) Guess & Rudd Law Firm, (15) Michael McLaughlin, (16) James Dewitt, (17) D. Randall Ensminger, (18) First National Bank Alaska, (19) Betsy Lawer, (20) Jerry Walker, (21) Bill Renfrew, (22) Erik LeRoy, (23) Texas Bank and Trust, (24) Jeff Cheavens, (25) CSG Inc. Law Firm, (26) Zane Wilson, (27) Jo Kuchle, (28) Danielle Gardner, (29) Michael Killion, (30) Vitali Kuzmich, (31) Kathleen Smart, (32) Christopher Zimmerman, (33) John Wallace, (34) Yukon Title Company Inc. (Including All Board Members, Shareholders, and Associates), (35) The Federal District Court for the District of Alaska, (36) The Alaska State Court System, (37) KeyBank, (38) John J. Burns, and (39) Borgeson & Burns PC, (collectively "Defendants"). Plaintiffs have contacted the Department of

Justice-Office of the District Attorney for the District of Alaska (Point of Contact: Michael Heyman), and the Federal Bureau of Investigation (Point of Contact: Special Agent Andrew McKay). We have also reached out to the U.S. Dept. of Justice Criminal Division in Washington D.C. per the attached letter and response (**See Exhibit-I**). These Federal entities have confirmed that we have a right to file a Civil RICO Lis Pendens Lawsuit.

## SUBJECT MATTER JURISDICTION

Section 1331 of Title 28, United States Code, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and hence confers subject matter jurisdiction upon federal district courts to hear a claim arising from an alleged violation of a federal law or statute (i.e., a federal question). See, e.g., Sec. Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1314 (9th Cir. 1985). Therefore, federal district courts are empowered to hear civil claims arising from an alleged violation of the RICO statute, 18 U.S.C. §§ 1961, et seq. See e.g., Rolls-Royce Motors, Inc. v. Charles Schmitt & Co., 657 F. Supp. 1040, 1055 (S.D.N.Y. 1987)

## NATURE OF THE CASE

This is an action alleging fraud, civil conspiracy to commit fraud, abuse of process, and racketeering perpetrated by Defendants that caused injury to Plaintiffs. This Civil RICO action is brought before the court as provided under 18 U.S.C. § 1964 (c) which states in pertinent part "*Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee*". The four primary elements of Civil RICO claims filed under 1962 (c) are (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.

18 U.S.C. § 1961 (4) defines that an ""enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;"

18 U.S.C. § 1961 (5) defines that a ""pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;".

The Defendants are enterprises subject to civil RICO. The unlawful acts of the Defendants form a pattern of conduct that constitutes racketeering activity. We have assembled the Defendant's unlawful acts into the following list of improprieties in chronological order. Each of the improprieties is followed by a note of the supporting evidence extensively supported by backup data within our record binders.

## IMPROPRIETIES

1. **FEB 3, 1986 to FEB 25, 2019:** Denali State Bank never had an Alaska Business License as required by Law. Denali State Bank has been operating without a business license, establishing contracts and conducting unlicensed business operations for decades.

   Bowers Critical Case Files Volume 2
   Item #B-DSB Lack of Business License
   **Exhibit-A: DSB Lack of Business License**

2. **DECEMBER 31, 1986-SEPTEMBER 10, 2015:** Steven Lundgren, in his former capacity as Vice President of KeyBank in Fairbanks, and current position as President of Denali State Bank, has created tremendous liability for both banks by failing to properly timely Reconvey Lot-25B.

   Bowers Critical Case Files Volume 2
   Item #J-Lot 25B Reconveyance Impropriety Bundle
   **Exhibit-B: Lot-25B Reconveyance Impropriety Bundle**

3. **APRIL 22-23-24-2008:** Denali State Bank made improper changes to mortgages and materially altered Bowers Investment Company, LLC's (Limited Liability Company) ("BIC") April 22, 23, 24, 2008 Deed of Trust, Promissory Note, and Related Loan Documents. These alterations did not match the original loan documents and they failed to furnish the original Loan Documents. We have copies of this corrupt activity.

   Bowers Supplemental
   Item #1-2006 Deed of Trust, Promissory Note, Related Loan Documents

Item #2-2008 Deed of Trust, Promissory Note, Related Loan Documents
Item #3-Keith Bartusch Email with Attached 2008 Deed of Trust

4. **APRIL 2008 to PRESENT:** Denali State Bank has refused to release the original/authentic version of the 2008 Loan Documents with the terms agreed to by the borrower. The authentic 2008 Loan Documents consist of (1) a 2008 Deed of Trust, (2) a 2008 Promissory Note, and (3) a set of related loan documents. Denali State Bank has never produced a valid proof of claim. The original documents signed on April 24, 2008 which paid off the 2006 loan #51216-09 and originated the 2008 loan #51216-13

Bowers Supplemental
Item #2-2008 Deed of Trust, Promissory Note, Related Loan Documents

5. **APRIL 2008 to PRESENT:** Denali State Bank's Materially Altered Deed of Trust Modified a 2008 Deed of Trust to a 2006 Deed of Trust, Promissory Note, and Related Loan Documents contain terms that were not agreed to by BIC. These unsolicited terms include (1) an Early Exit Fee of $260,000 - $26,000 (10% - 1% decreasing over time), (2) Reducing the Time to Cure Default from 90 days to 15 days (Memo evidence regarding this term), (3) Adding on multiple nonconsensual fraudulent agreements entitled "Exhibit-A" to one of the nonconforming products passed on to us after signing the original loan document (Lot-26 was not part of the original document as later determined on September 10, 2015). Bowers had an invitation letter & approval to move his loan to Wells Fargo but agreed to stay because DSB offered Bowers beneficial loan terms (no early exit fee, 90 days to cure default, Lot-26 excluded from collateral), (4) DSB Converted Bowers Investment Company from an LLC to a Corporation, and (5) a change in the insurance amount. It is interesting to note that the loan number on 2006 is #51216-09 and 2008 is #51216-13 (which are different) and the 2008 contract reflects that it paid off the signed payment record by Bowers. The Modification of the original 2008 Deed of Trust and 2008 Promissory Note is corrupt. The alterations including cut, paste, and forged signatures can be confirmed by FBI forensic analysis.

Bowers Supplemental
Item #4-DSB's 2008 Modification to the 2006 Deed of Trust (Fraudulent)

6. **APRIL 2008 to PRESENT:** Denali State Bank's Materially Altered Deed of Trust contains a nonconsensual add-on page entitled "Exhibit-A", which attempts to include BIC's Lot-26 as collateral. DSB has no right to Lot-26, which is completely separate from Lots 25A and 25B and was conveyed back to Bowers by Denali State Bank. Lot-26 was never collateralized to DSB in 2008. The failure to make proper conveyance on the 2006 and 2008 document were caused by the current president of Denali State Bank Steve Lundgren. These bank errors involved two banks that had employed Mr. Lundgren, Key Bank and Denali State Bank.

Bowers Supplemental
Item #3-Keith Bartusch Email with Attached 2008 Deed of Trust

Item #4-DSB's 2008 Modification to the 2006 Deed of Trust (Fraudulent)

FDIC Correspondence
Bowers Letter to FDIC 2-9-2019, Exhibit-H-Reconveyance Impropriety Bundle

7. **APRIL 2008 to PRESENT:** Denali State Bank falsely asserts that in 2008 BIC borrowed additional funds based on a 2006 Loan and Modification to a 2006 Deed of Trust. In truth BIC established a new Loan on April 24th 2008 based on a New 2008 Deed of Trust, Promissory Note, and Related Loan Documents. This is evidenced by Bowers Investment Company Check#3967 dated 4-24-2008 in the amount of disbursement $42,631.27 (original loan amount $1.6 million) which paid off the 2006 Denali State Bank loan 51216-09 in full prior to establishing the 2008 Denali State Bank loan 51216-13 Deed of Trust, Promissory Note, and Related Loan Documents.

Bowers Supplemental
Item #2-2008 Deed of Trust, Promissory Note, Related Loan Documents

8. **APRIL 2008 to PRESENT:** Denali State Bank's Materially Altered Deed of Trust, Promissory Note, and Related Loan Documents contain altered content including cut & paste/copied fraudulent signatures. They have failed to give us original copies of these correct original documents after submitting multiple requests for those contract documents originally signed on April 24, 2008. This violates our Constitutional Rights to Due Process.

Bowers Supplemental
Item #2-2008 Deed of Trust, Promissory Note, Related Loan Documents

9. **APRIL 2008:** Denali State Bank failed to obtain a new 2008 appraisal prior to establishing the 2008 loan. The nearest appraisal on the property Lots 25A, 25B, and Lot 26 were done independently in 2006. The value on the property would be significantly greater in 2008 and 2015 than it would in 2006 because of Bowers business changing the occupants of the buildings and property to lease/rental tenants and additional construction/building improvements.

Bowers Supplemental
Item #11-2006 Appraisal

10. **2008 to 2009:** In 2008 to 2009 BIC learned that Denali State Bank was facing financial hardship, FDIC investigation, insufficient reserves, lack of dividend payments to shareholders, other penalties, and had its composite rating reduced from a 1 to a 4. We were also alarmed that DSB was laying off its employees without paying them monetary retirement benefits. They also attempted to convert Bowers Office Products Line of Credit into a Term Note (historically paid timely as agreed).

Bowers Critical Original Case Files Binder

Bowers Supplemental

Item #10-BOP Late Charge Issue

11. **JULY 26, 2009:** Denali State Bank claimed it was necessary to convert Bowers Office Products' Line of Credit into a term note in order to comply with the FDIC. Bowers offered to pay the note prior to late charges on July 26, 2009. DSB then applied an invalid $10,000 Late Fee plus attorney's fees from Borgeson & Burns in the amount of $3,800 against Bowers Office Products, Inc.(BOP) by Denali State Bank (DSB) between January to July 26, 2009. DSB's loan officer initialed a note to "disregard" the late charge but DSB's Attorney & President did not do so. These additionally confirm DSB's unstable financial condition. John Burns, Attorney of Borgeson & Burns Law Firm, also created a severe conflict of interest by representing both Bowers and Denali State Bank.

    Bowers Supplemental
    Item #10-BOP Late Charge Issue

12. **JUNE 1 2015:** Denali State Bank "granted" upon request Bowers Investment Company, LLC. a 12-month interest-plus-some $6,000 per month due monthly on the first of the month payment plan agreement, then failed to honor that agreement (agreed both verbally and in writing via a letter from Michael McLaughlin and associated attorneys of Guess & Rudd Law Firm, in their capacity as counsel authorized to represent Denali State Bank) and commenced foreclosure despite BIC voluntarily making the agreed upon payments for a period of five months at which point it became impossible for Bowers to continue making payments due to financial harm caused by DSB commencing foreclosure despite the payment agreement. Denali State Bank also began raiding Bowers Bank Account #1033695 on August 24, 2015. This breach of a payment plan described with some degree of specificity and acknowledged as "Granted" by agents and attorneys of Denali State Bank, constitutes a prima facie case with enough evidence to allege an impropriety.

    Federal Case# 4-19-cv-00025-TMB
    Item #19-Motion for Clarification Exhibit-H

    Bowers Critical Case Files Volume 2
    Item #G-12 Month GRANTED Payment Plan
    **Exhibit-C: 12 Month GRANTED Payment Plan**

13. **AUGUST 2015:** Denali State Bank exercised undue control over the business affairs of Bowers Investment Company, LLC. by assigning BIC's lease revenue, reducing and taking lease payments, allowing our tenants extended occupancy of leased space (thus preventing BIC from establishing new leases within that occupied space), and depriving BIC of its lease revenue required to pay for necessary operating expenses. This action corrupted Bowers ability to draw up plans, negotiate, and make an award by taking control of all leases and business activities on BIC's three pieces of property.

    Bowers Supplemental
    Item #13-Notice of Default and Sale August 12, 2015

Item #14-Assignment of Rents August 24, 2015

14. **AUGUST 2015 FORWARD:** Denali State Bank continued to collect BIC's lease revenue and engage in collection activities even after BIC filed its first Chapter 11 Bankruptcy petition on <u>November 17, 2015</u>. (Violation of Automatic Stay under 11 U.S.C. 362)

    Chapter 11 BK Case #15-00395
    Item #1-Petition 11-17-2015

15. **AUGUST 12, 2015:** Denali State Bank's premature, predatory, and corrupt foreclosure actions caused BIC's University Ave. Properties to become "distressed properties" which created a volatile lease atmosphere. This impaired BIC's ability to secure new tenants, retain existing tenants, and establish leases. This was done in violation of the Granted 12-Month Interest-Plus-Some $6,000 payment plan. Denali State Bank discontinued in an absolute manner that Bowers was not to set foot on 25A, 25B, and Lot-26.

    Bowers Supplemental
    Item #13-Notice of Default and Sale August 12, 2015
    Item #14-Assignment of Rents August 24, 2015

    Federal Case# 4-19-cv-00025-TMB
    Item# 19-Motion for Clarification Exhibit-H

16. **AUGUST 20, 2015:** Denali State Bank misapplied an "Interest" payment made by BIC per the terms of the 12 month Granted $6,000 interest-plus-some payment plan. DSB applied the interest payment *(Check#6303 $6,000 dated <u>8-20-15</u> to pay the interest for the upcoming month of September)* to the principal balance despite the check clearly indicating that it was for the interest-plus-some plan. DSB then assessed late fees and claimed that BIC had failed to pay the interest for that month.

    FDIC Correspondence
    Bowers Letter to FDIC 2-9-2019, Exhibit-H-Reconveyance Impropriety Bundle

17. **OCTOBER 2015-PRESENT:** Denali State Bank has continued to keep Bowers Deposit Account #1033695 frozen despite having no legal basis for doing so. There is approximately $22,500 in the account and DSB is responsible for all harm sustained by depriving BIC and Bowers Enterprises of those funds as well as substantial additional outstanding Bowers funds. DSB has never accounted for those funds despite numerous requests.

    FDIC Correspondence
    Bowers Letter to FDIC 12-25-2018

Page 8 of 19
Case 4:21-cv-00007-SLG-MMS   Document 8   Filed 04/26/21   Page 8 of 19
RICO Complaint
Case No. 4:21-cv-00007-TMB

18. **NOVEMBER 12, 2015:** Denali State Bank failed to honor their check for approximately $10,000 (made up of BIC's lease revenue which DSB had seized) and froze BIC's account which caused BIC's payments for necessary operating expenses to bounce while demanding BIC continue to pay its operating expenses. This damaged BIC's credibility with service providers and cost BIC additional returned payment fees. It also minimized our funds to pay $34,000 in property taxes, and bills by tens of thousands of dollars. BIC's account at Denali State Bank contains funds from BIC, BOP, Gerald L. Bowers personally, Social Security, and Yukon Maxi-Storage. This comingling of funds was authorized in a memo from Denali State Bank. DSB has no right to freeze or block Bowers access to those Account#1033695 funds from 1993 forward as agreed upon.

FDIC Correspondence
Bowers Letter to FDIC dated 2-13-2019 Exhibit-A (Comingled Funds Memo) Exhibit-B (90 Days to Cure Default Memo).

19. **DECEMBER 2015-JANUARY 2016:** Denali State Bank's Attorneys knowingly omitted a 2015-2016 appraisal which would have demonstrated that the current market value of BIC's University Avenue properties had substantial equity, was substantially overcollateralized, and was sufficient to secure their interest. DSB has denied the existence of this appraisal yet it appears as a $10,000 appraisal expense which DSB has applied against Bowers account that Bowers paid. The Real Estate Appraisal Firm Hage & Associates has confirmed that the Appraisal exists after numerous requests for production, but they cannot disclose it because Denali State Bank has directed them to keep it concealed. The Appraisal value of BIC's real estate assets is crucial evidence in a Chapter 11. Denali State Bank is concealing this evidence because they know it will support BIC's position.

BK Case 16-00136
Item #64-Memorandum on Motions to Dismiss or Convert (7-7-16)

20. **NOVEMBER 2015:** Randall Ensminger, BIC's attorney during BIC's original Chapter 11 Bankruptcy Case No. 15-00395 received $10,000 to represent BIC and an additional $10,000 to represent the Guarantors Gerald L. Bowers and Bowers Office Products, Inc. Ensminger indicated that the conditions were present to extend protection of the Automatic Stay to both the Guarantors, and indicated that he would file a motion to do so (his exact words as documented via email correspondence). Ensminger failed to make the attempted written commitment and allowed Denali State Bank to file against the Guarantors in December of 2015 and obtain uncontested Default Judgments (of over 1.5 million severally) against both Guarantors (1) Gerald L. Bowers, and (2) Bowers Office Products, Inc. There appears to be another $10,000 that was also paid to Ensminger as operating and travel funds. Ensminger failed to disclose to Bowers that he was being publically reprimanded (including having to pay out approximately $17,000) by both the Alaska Bar Association and California Bar Association before, after, and throughout Bowers case. Ensminger was made totally aware of the substantial/severe corruption that persisted with DSB. Ensminger corruptly worked with Denali State Bank's attorney James

Dewitt, to the detriment of the clients he had been hired to represent and protect (BIC, BOP, & Gerald L. Bowers)

FDIC Correspondence
Bowers Letter to FDIC 12-25-2018

21. **2008 to 2015:** DSB falsely declared that Bowers Investment Company, LLC. was a "corporation" rather than a "limited liability company" in order to deprive BIC of its ability to represent itself pro se in the Alaska Court System which requires corporations (but not LLC's-Limited Liability Companies) to be represented by an attorney.

Bowers Supplemental
Item #2-2008 Deed of Trust, Promissory Note, Related Loan Documents

22. **AUGUST 2015 to PRESENT:** DSB has refused to relinquish "All Funds Taken" within BIC's account#1033695 and the rent control account at DSB, despite a federal court order to do so from Federal Judge Gary Spraker of Anchorage. DSB has conducted an illegal offset against those funds.

Chapter 11 BK Case #15-00395
60-Interim Cash Collateral Order (1-28-16)

23. **SEPTEMBER 10, 2015:** Denali State Bank's contracts were established prior to the property being reconveyed to the borrower via a Deed of Reconveyance. Recorded documents show that Lot 25B (the Big Building #2175 University Avenue) was not properly reconveyed as required. Lot 25B was originally collateralized to Key Bank via the Deed of Trust dated 12-31-1986 in the original amount of 1.6 Million. Lot 25B was never properly reconveyed from that 1986 KeyBank Deed until 7-31-2015. Steve Lundgren is the current President of Denali State Bank and was the former Vice President of KeyBank in Fairbanks. Lundgren appears throughout the documentation of this issue and was aware of, and responsible for, proper reconveyance of Lot-25B. Lundgren's failure to comply with reconveyance procedure requirements and issue timely Deeds of Reconveyance for Lot-25B has created a liability for both KeyBank and Denali State Bank. As a result of Lundgren's failure, DSB has established multiple loan documents on a property that was still formally collateralized to KeyBank.

FDIC Correspondence
Bowers Letter to FDIC 2-9-2019, Exhibit-H-Reconveyance Impropriety Bundle
Deed of Trust for Lot 25B dated 12-31-1986 (recorded 1-5-1987, #1987-00029-0)
Modification of Deed of Trust adding Lots 25A and Lot 26 as collateral dated 10-11-1993 (recorded 10-13-1993, #1993-020442-0)
Bowers and Attorney Michael Oiffer of Shulkin, Hutton, Bucknell law firm request Reconveyance of Lot 25A and Lot 26
Lundgren Letter dated 9-18-1998 Agreeing to Reconvey Lots 25A and Lot 26
Deed of Partial Reconveyance for Lots 25A and Lot 26 dated 2-18-1999, recorded 2-19-1999, #1999-004320-0).

Substitution of Trustee and Full Reconveyance for Lot 25B dated 7-31-2015. Recorded 8-4-2015, #2015-011890-0.
Bowers Critical Case Files Volume 2
Item #J-Lot 25B Reconveyance Impropriety Bundle.
**Exhibit-B: Lot-25B Reconveyance Impropriety Bundle**

24. **NOVEMBER 2015 to PRESENT:** Denali State Bank has illegally prevented Gerald L. Bowers and Bowers Office Products Inc., Bowers Investment Company LLC (Limited Liability Company), and Yukon Maxi-Storage from conducting standard Banking practices and checking BIC's account balance.

    FDIC Correspondence
    Bowers Letter to FDIC 12-25-2018

25. **2008 to 2015 to PRESENT:** Denali State Bank has failed to produce an accurate accounting for its claims, foreclosure amount, seized funds, and frivolous miscellaneous fees levied against account 1033695, despite multiple long-term ongoing requests. DSB claims that BIC must seek an account balance from DSB's attorneys. We believe hugely in excess of $500,000 has been drained from the account and continues to be denied. Bowers has demanded multiple times from 2008 to 2015 for full accountability of the funds.

    FDIC Correspondence
    Bowers Letter to FDIC 12-25-2018

26. **2015 to PRESENT:** BIC has never been allowed to formally "Object to Proof of Claim" and initiate an adversarial proceeding as allowed by Bankruptcy law. BIC's position has always been to object to DSB's proof of claim which is based on materially altered Deeds of Trust (4), Promissory Note, and Related Loan Documents with cut, paste, and forged signatures, but this express desire was ignored by BIC's attorney Randall Ensminger. Bowers has personally met two professionals in the banking industry who left Denali State Bank due to the forgery they witnessed there: (1) Tony Versandi, and (2) Kayla Smith. BIC has requested the authentic version of the Deed of Trust, Promissory Note, and Related Loan Documents since April 24, 2008. DSB continued to manipulate the loan documents multiple times from April 24, 2008 through 2015.

    Bowers Supplemental
    Item #1-2006 Deed of Trust, Promissory Note, Related Loan Documents
    Item #2-2008 Deed of Trust, Promissory Note, Related Loan Documents
    Item #3-Keith Bartusch Email with Attached 2008 Deed of Trust
    Item #4-DSB's 2008 Modification to the 2006 Deed of Trust (Fraudulent)

27. **NOVEMBER 2015:** DSB failed to timely post and notice Lot-26 prior to the foreclosure which was filed on August 12th, 2015 with an original foreclosure sale date scheduled for November 18, 2015. Denali State Bank instructed Bowers to stay off Lot 25A, Lot 25B,

and Lot 26 properties on August 12th and took over management of all business on these properties, which violated the provision in a Chapter 11 Reorganization which allows a Debtor in possession to conduct normal business operations. Yukon Maxi-Storage was located on Lot-26 and taken, held, and operated by DSB Staff who falsely claimed to be authorized by Yukon Maxi-Storage. Lot-26 was not collateralized to Denali State Bank and Lot-25B was not properly reconveyed.

FDIC Correspondence
Bowers Letter to FDIC 2-9-2019. Exhibit-I: Record of Untimely Posting

28. **2016 to NOVEMBER 28, 2017:** Denali State Bank levied funds out of the Guarantors' accounts at First National Bank Alaska (FNBA). DSB was eventually forced to return those amounts and reimburse the FNBA processing fees of $228.89 incurred by the Guarantors. Bowers set up these new FNBA accounts at the direction of Federal Court Judge Gary Spraker.

Case #4FA-15-02947CI
Item#88-Decision and Order Determining Disposition of Levied Funds (11-28-2017)

29. **JANUARY 28, 2016:** BIC's Attorney Randall Ensminger misrepresented BIC's position as to whether lease revenue from the University Ave. properties was the cash collateral of Denali State Bank.

Chapter 11 BK Case #15-00395
60-Interim Cash Collateral Order (1-28-16)

30. **JUNE 15, 2016:** Affidavits produced by Denali State Bank's agents contain numerous deliberate manipulations (sample: cut, paste, and forged signatures), errors, omissions, and lack of accountability to this current date.

Case#4FA-15-02947CI
Item #27-Affidavit of Aaron Hines
Item #29-Affidavit of Keith Bartusch

31. **JULY 7, 2016:** BIC's Reorganization Plan during its second Chapter 11 Case No. 16-00136 was deemed financially viable and DSB's deliberate omission of a 2015 appraisal (See Item #17) and other actions contributed to BIC's inability to successfully reorganize.

BK Case 16-00136
Item #64-Memorandum on Motions to Dismiss or Convert (7-7-16)

32. **SEPTEMBER 30, 2016:** DSB finally conducted a foreclosure sale of BIC's University Avenue properties on September 30, 2016. This satisfied the default judgment against the Guarantors. DSB refused to Acknowledge Satisfaction of the Default Judgment within 10 days as required by Alaska Statute 09.30.300 (a). The Default

Judgment in the amount of $1,588,473.10 (frivolously inflated from the earlier amount of $1,511,865.61 on DSB's Notice of Default and Sale dated <u>Aug 12-2015) lingered until November 28, 2017</u>, whereupon Bowers Pro Se litigation finally succeeded in compelling DSB to acknowledge that the judgment had been satisfied by the foreclosure sale. Denali State Bank is liable to the judgment debtor for all damages sustained by their failure to timely acknowledge satisfaction of judgment as defined by AS 09.30.300 (b). It was obvious at this time that DSB's direction was to deny Bowers access to his financial resources by any means possible and also encourage other banks to get involved in damaging bowers resources.

Case #4FA-15-02947CI
Item#88-Decision and Order Determining Disposition of Levied Funds (11-28-2017)
Item#93-Notice to the Court RE Order on Disposition of Levied Funds (12-28-2017)

33. **SEPTEMBER 30, 2016:** Denali State Bank has exercised direct control of Yukon Maxi-Storage (YMS) and Lot-26 when they first posted the property on August 12, 2015. Yukon Maxi-Storage operates its outdoor vehicle storage on Lot-26 and is prepared for future indoor storage. DSB appointed a property manager to (1) Lock and prevent access to Lot-26, (2) collect payments from YMS customers, (3) solicit signatures from YMS customers, (4) conduct business with YMS customers and operated on YMS vehicle storage contracts. Lot-26 is not Denali State Bank property, DSB has no valid claim to Lot-26.

Bowers Supplemental
Item #13-Notice of Default and Sale August 12, 2015
Item #14-Assignment of Rents August 24, 2015

34. **SEPTEMBER 30, 2016 to PRESENT:** Denali State Bank continues to assert control over BIC's assets located at BIC's University Avenue properties, including approximately $300,000 worth of systems furniture and other equipment (25B University Avenue South). DSB also forced the potential sale of 791 Eton Blvd (loss amount $600,000), and the foreclosure TAKE of 2333 Van Horn Road in <u>July 2017</u> which served as the headquarters for Bowers business operations. Bowers had a standing offer of $1.1 Million for the 2333 Van Horn Road Property and the loss of that property ended the commercial operating location of Bowers Office Products, Inc., Bowers Investment Company LLC (Limited Liability Company), Bowers General Construction, Yukon Maxi Storage, and Gerald L. Bowers personally.

Case #4FA-17-02278CI (all filings)

Case #4FA-19-02566CI (all filings)

35. **MARCH 26, 2019:** Denali Bancorp Inc. is a bank holding corporation whose stated purpose is to "ACQUIRE OWN AND OPERATE DENALI STATE BANK" (Biennial Reports filed 4-8-2001, 1-2-2019, etc.). "Denali State Bank" did not acquire an Alaska Business License until 2-25-2019, the Business License was also illegitimately stripped from its

original owner without cause and inappropriately given to Denali State Bank (Bowers was offered the chance to purchase the business license for "Denali State Bank" by the original owner, Barry Donnellan). DSB has also never filed a Biennial Report, and has been conducting unlicensed business as a fictional entity from 1986 forward (See #1). (Alaska Dept. of Commerce Public Records Database)
https://www.commerce.alaska.gov/cbp/main/Search/EntityDetail/10101367

The link above demonstrates that "Denali State Bank" is not a legal corporate entity. It is a "Business Name Registration" that was formed on 3/6/2019 and did not exist prior to that date. Denali State Bank's status as a legitimate business entity has been called into question (Federal District Court Case No. 4:19-cv-00008-TMB) and those claims have not been conclusively resolved. Per the Plaintiff's Complaint in that case, "Denali State Bank" had no license to conduct business in Alaska, including establishing loans. Denali State Bank faces potential liability in the form of having all contracts established under its nonexistent, noncompliant, unlicensed, trade name declared "void ab initio".

Bowers Critical Case Files Volume 2
Item #B-DSB Lack of Business License

36. **AUGUST 22, 2019:** "TAKE" of House located at 791 Eton Boulevard during which Gerald L. Bowers lost real estate property valued at $600,000) and was arrested in a civil case without proper legal service, no claim of criminal violations while disallowing Bowers arguments that he was legally separate from Bowers Office Products, Inc. during Case #4FA-17-01515CI. These issues were being addressed in U.S. Federal Court. The claim on the 791 Eton property was a corporate affair. The "TAKE" was also unlawful due to multiple violations of law including, but not limited to, (1) the foreclosure sale was conducted by CSG Law Firm Attorney Jo Kuchle who filed an affidavit where she claimed to simultaneously represent both the Trustee and the Beneficiary. This amounts to an admission that she knowingly committed a clear conflict of interest. (2) The Trustee (Yukon Title Company) abdicated/neglected their role as a neutral third party with a responsibility to ensure fairness and compliance for both the Grantor and the Beneficiary. Yukon Title completely neglected their duty to address the concerns raised by the Grantor. (3) The property was conveyed exclusively from the Callenders to the Bowers via a Statutory Warranty Deed. (4) There was an unlawful lien against the property by CSG Law Firm/Upper Tanana Development Corporation, and (5) Bowers was compliant with an Internal Revenue Service Installment Payment Plan and the Federal Tax Lien should have been removed. The corrupt foreclosure and "TAKE" of 791 Eton Boulevard has caused us to file three Lis Pendens, one in each of the following three cases: (1) 4FA-17-01515CI (Alaska Superior Court), (2) 4FA-19-02566CI (Alaska Superior Court), and (3) 4-19-cv-00025-TMB Federal District Court.

Case #4FA-19-02566CI (all filings)

Federal Court Case 4:19-cv-00025-TMB
Item#5 Motion to Stay Foreclosure Sale of 791 Eton Blvd.

**Exhibit-D:** Affidavit of Sale Admitting Conflict of Interest by Jo Kuchle
**Exhibit-E:** Lis Pendens 4-19-cv-00025-TMB Recorded
**Exhibit-H:** Statutory Warranty Deed Recording #2003-010462-0

37. **APRIL 28, 2020:** Tanana Chiefs Conference is directly involved in all these affairs through their purchase of Bowers Investment Company, LLC.'s University Avenue properties and through Doyon's Ruby area Corporation Dineega. Dineega is a shareholder of Denali Bancorporation, Inc. and sought to "ACQUIRE OWN AND OPERATE DENALI STATE BANK" as described in Denali Bancorp's Biennial Reports from 2001 to 2019 (prior to the foreclosure of the University Avenue Properties). Neither Tanana Chiefs Conference nor Denali State Bank has recorded a purchase price for conveyance of the University Avenue Properties.

**Exhibit-F:** Warranty Deed 2020-005889-0 dated 4-29-2020

38. If you follow this closely DSB has created a liability situation for First National Bank Alaska, KeyBank, and Texas Bank in their attempt to run us out of funds and resources. DSB/FNBA have also damaged our credit score which took six months to partially repair from 558 to 659 (false alias by Jerry Walker, false declaration of personal bankruptcy by Bill Renfrew, misrepresenting account ownership). A contract person was working for First National Bank while representing the Chapter 11 Trustee Nacole Jipping in Federal BK Case#16-00136. The ripple effect of Denali State Bank's corruption during the April 24, 2008 Loan Documents has continued on to harm us to this day. Some examples of this harm include corrupting relationships with other banks, individuals, and our business operations. Denali State Bank has not had a business license in approximately 30 years, yet are operating on Denali State Bank letterhead while the true owner of the place is Denali Bancorp Inc. (whose board members are registered with Denali State Bank) Denali State Bank's business license was only recently formed on 3-6-2019 and Bowers was offered the opportunity to purchase the business license to Denali State Bank prior to that.

39. There are multiple major disturbances in the Chapter 7 Trustee's handling of BIC's BK Case No. 16-00136. Some examples include (1) Falsely indicating that BIC was afforded the right to act pro se, (2) Falsely claiming that BIC filed a Chapter 7 petition on 5-6-2016 when the docket clearly shows that a voluntary Chapter 11 petition was filed, (3) appointing an unqualified and unauthorized Chapter 7 attorney in BIC's Chapter 11 case, (4) preventing BIC's intended, retained, and qualified Chapter 11 attorney (Robert Garrison)to represent BIC Pro Hac Vice, Mr. Garrison was provided with the wrong paperwork by the Alaska BAR Association and unable to appear on the Debtor's behalf. Mr. Garrison telephonically attended a status hearing, but was unable to speak due to an objection from Denali State Bank's attorney Micheal McLaughlin of Guess & Rudd, (5) selling BIC property for a steeply undervalued amount rather than the fair market value on a greater solid offer where the buyer had paid earnest money, (6) attempting to add additional administrative fees after the Trustee's final expense list and distribution of funds,

(7) hiring an attorney for the Chapter 7 Trustee who also represented a bank in the case causing a conflict of interest impropriety.

We have experienced a corrupt court system in Alaska and wish to change the venue of our Federal RICO Lis Pendens Lawsuit to a different State in order to avoid the defective adjudication that permeates our Alaska Courts.

### RELIEF

Plaintiffs request Remedy in the form of compensation for damages and monetary losses caused by the Defendants. We estimate these to be in the amount of $15,000,000 USD (Fifteen Million US Dollars), subject to Treble Damages under RICO Law 18 U.S.C. § 1964 (c), resulting in the total amount of $45,000,000 USD (Forty-Five Million US Dollars) as monetary compensation to the Plaintiff for the damage and losses caused by the Defendants.

Dated this 26 day of April, 2021, at Fairbanks, Alaska

*Gerald L. Bowers*
Gerald L. Bowers

**List of Exhibits:**
**Exhibit-A:** DSB Lack of Business License.
**Exhibit-B:** Lot-25B Reconveyance Impropriety Bundle.
**Exhibit-C:** 12 Month GRANTED Payment Plan.
**Exhibit-D:** Affidavit of Sale Admitting Conflict of Interest by Jo Kuchle.
**Exhibit-E:** Lis Pendens 4-19-cv-00025-TMB Recorded.
**Exhibit-F:** Warranty Deed 2020-005889-0 dated 4-29-2020.
**Exhibit-G:** Peer Reviewed Study RE: Corruption in Alaska.
**Exhibit-H:** Statutory Warranty Deed Recording #2003-010462-0
**Exhibit-I:** DOJ Criminal Division Correspondence.
**Exhibit-J:** BIC Federal Aviation Administration License Agreement

### Certificate of Service
I Certify that on this _____ day of April 2021, I mailed by first class mail or hand-delivered a copy of these documents to:

Signature_____

1. Denali State Bank
   119 North Cushman Street
   Fairbanks, AK 99701

2. Denali Bancorp Inc.
   Denali State Bank
   119 North Cushman Street
   Fairbanks, AK 99701

3. Steve Lundgren
   Denali State Bank
   119 North Cushman Street
   Fairbanks, AK 99701

4. Randy Weaver
   Denali State Bank
   119 North Cushman Street
   Fairbanks, AK 99701

5. Aaron Pletnikoff
   Denali State Bank
   119 North Cushman Street
   Fairbanks, AK 99701

6. Jyotsna Heckman
   Denali State Bank
   119 North Cushman Street
   Fairbanks, AK 99701

7. Aaron Hines
   Denali State Bank
   119 North Cushman Street
   Fairbanks, AK 99701

8. Monee Stewart
   1046 Dogwood Street, Unit 9
   Fairbanks, AK 99709

9. Dena' Nena' Henash
   Tanana Chiefs Conference
   122 1st Avenue
   Fairbanks, AK 99701

10. Doyon, Limited
    1 Doyon Place, Suite 300
    Fairbanks, AK 99701-2941

11. Dineega Corporation
    PO Box 68028
    Ruby, AK 99768

12. Law Office of Jeremy Collier PC
    851 E Westpoint Dr. #212
    Wasilla, AK 99654

13. Upper Tanana Development Corporation
    Box 459
    Tok, AK 99780

14. Guess & Rudd P.C.
    1029 W 3rd Ave. Suite 400
    Anchorage, AK 99501

15. Michael McLaughlin
    Guess & Rudd P.C.
    1029 W 3rd Ave. Suite 400
    Anchorage, AK 99501

Page 17 of 19
Case 4:21-cv-00007-SLG-MMS   Document 8   Filed 04/26/21   Page 17 of 19
RICO Complaint
Case No. 4:21-cv-00007-TMB

16. James Dewitt
    Guess & Rudd P.C.
    1029 W 3rd Ave. Suite 400
    Anchorage, AK 99501

17. D. Randall Ensminger
    570 5th Street
    Lincoln, CA 95648

18. First National Bank Alaska
    Corporate Headquarters
    101 West 36th Avenue
    Anchorage, AK 99503

19. Betsy Lawer, Chair & CEO
    First National Bank Alaska
    101 West 36th Avenue
    Anchorage, AK 99503

20. Jerry Walker
    202 Henderson Rd. S
    Fairbanks, AK 99709

21. Bill Renfrew
    1115 Kodiak St.
    Fairbanks, AK 99709

22. Erik LeRoy, P.C.
    500 L St., Ste. 302
    Anchorage, AK 99501

23. Texas Bank & Trust
    PO Box 6100
    Tyler, TX 75711

24. Jeff Cheavens, SVP & Loan Officer
    Texas Bank & Trust
    PO Box 6100
    Tyler, TX 75711

25. CSG, Inc.
    714 Fourth Ave.
    Suite #200
    Fairbanks, AK 99701

26. Zane Wilson
    CSG, Inc.
    714 Fourth Ave. STE 200
    Fairbanks, AK 99701

27. Jo Kuchle
    CSG, Inc.
    714 Fourth Ave. STE 200
    Fairbanks, AK 99701

Page 18 of 19
RICO Complaint
Case 4:21-cv-00007-SLG-MMS   Document 8   Filed 04/26/21   Page 18 of 19

28. Danielle Gardner
    CSG, Inc.
    714 Fourth Ave. STE 200
    Fairbanks, AK 99701

29. Michael Killion
    448 Slater Dr.
    Fairbanks, AK 99707

30. Vitali Kuzmich
    1506 Farmers Loop Road
    Fairbanks, AK 99709

31. Kathleen Smart
    1506 Farmers Loop Road
    Fairbanks, AK 99709

32. Christopher Zimmerman
    711 Gaffney Road
    Suite 202
    Fairbanks, AK 99701-4662

33. John Wallace
    711 Gaffney Road
    Suite 202
    Fairbanks, AK 99701-4662

34. Yukon Title Company, Inc.
    714 Gaffney Road
    Fairbanks, AK 99701

35. U.S. District Court,
    For the District of Alaska
    101 12th Avenue, Rm 332
    Fairbanks, AK 99701

36. Alaska State Court System
    101 Lacey Street
    Fairbanks, AK 99701

37. KeyBank
    Corporate Headquarters
    127 Public Square
    Cleveland, Ohio 44114

38. John J. Burns
    1430 Goshawk Lane
    Fairbanks, AK 99709

39. Borgeson & Burns PC
    Box 74046
    Fairbanks, AK 99707