# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| GERALD L. BOWERS, *et al*., <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> DENALI STATE BANK, *et al*., <br><br> Defendants. | No. 4:21-cv-00007-SLG-DMS <br><br> **REPORT AND RECOMMENDATION[1] TO GRANT IN PART DEFENDANTS' MOTION TO DISMISS [Dkts. 29, 37] AND GRANT IN PART DEFENDANTS' MOTION TO ENFORCE ORDERS ON SERVICE [Dkts. 51, 54]** |

## I. INTRODUCTION

Plaintiff Gerald Bowers, appearing *pro se*, along with co-plaintiffs Bowers Investment Company LLC ("BIC"), Bowers Office Products, Inc. ("BOP"), Yukon Maxi-Storage ("Yukon"), and Bowers General Construction ("BGC") (collectively "Plaintiffs"), brought this suit alleging "fraud, civil conspiracy to commit fraud, abuse of process, and civil violations of the Federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1964(c))" ("RICO") against 39 defendants, including Denali State Bank, Denali Bancorp, Inc., Steve Lundgren, Randy Weaver, Aaron Pletnikoff, Jyotsna Heckman, and Aaron Hines (collectively "Denali Defendants") and First National Bank Alaska, Betsy Lawer, Jerry Walker, and Bill Renfrew (collectively "FNBA Defendants"), as well as 28 other defendants (Dkt. 8 at 2).

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to 28 U.S.C. § 636 (b)(1)(C), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                      1

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 1 of 18

Denali Defendants move to dismiss the claims against them, asserting (1) that all but two of the claims are time-barred by the four-year statute of limitations applicable to civil RICO claims, (2) that the remaining claims do not sufficiently allege racketeering activity, and (3) that any claims brought by the entity plaintiffs are void because the parties are not represented by counsel in violation of Local Civil Rule 11.1 (Dkt. 29). FNBA Defendants joined the motion (Dkt. 37).

Plaintiffs responded in opposition, asserting (1) that the amended complaint alleges valid RICO claims and (2) that the plaintiffs' claims are not time barred (Dkts. 35, 39).

FNBA Defendants then filed a Motion to Enforce Orders on Service, which asks the Court to dismiss the case because the Plaintiffs have failed to effectuate proper service on the defendants within 90 days of filing the complaint, "to authorize the return or destruction of 11 boxes of blanket mailings, and to award FNBA the cost of this Motion and costs and fees associated with Plaintiff's insufficient blanket mailing of service of process" (Dkt. 51 at 2). Denali defendants joined the motion (Dkt. 54).

Plaintiffs responded in opposition, arguing that service to the defendants was proper (Dkts. 57, 58).

The motions are now ripe for consideration. For the following reasons, the Court recommends that the District Court **GRANT** the defendants' motion to dismiss at docket 29 and **GRANT in part** defendants' motion to enforce orders on service at docket 37.

//

//

//

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service 2

## II. STATEMENT OF FACTS

Plaintiffs filed this suit on April 14, 2021, alleging 39 "improprieties" in their claims against 39 defendants (Dkt. 8). These allegations begin in 2006-2008, when the Plaintiffs allege that Denali State Bank altered documents associated with a loan to the Plaintiffs (Dkt. 8 at 4-5). Plaintiffs assert that property was added as collateral to that loan without the Plaintiffs' consent and that the terms of the agreement were altered (Dkt. 8 at 5-6). Plaintiffs also allege that in 2008 and 2009, Denali State Bank failed to obtain a property appraisal prior to issuing loans to Bowers Investment Company LLC ("BIC"), attempted to convert a line of credit provided to Bowers Office Products, Inc. ("BOP")' into a term loan, wrongfully charged BOP $13,800 in fees, prevented Bowers from representing himself in a lawsuit filed in the State of Alaska in 2008, and failed to provide an accounting of claims, foreclosure amount, seized funds, and levied fees upon requests by BIC from 2008-2015 (Dkt. 8 at 4-7, 11, 15).

The Plaintiffs also allege that Denali State Bank committed misconduct during 2015-2016 when the Plaintiffs faced default on those loans and foreclosure on certain properties. The Plaintiffs assert that in August 2015 Denali State Bank initiated foreclosure in breach of an agreement to allow interest only loan payments, that those payments were misapplied, that Denali State Bank failed to timely obtain reconveyance of BIC property until 2015, failed to provide BIC with a copy of an appraisal of BIC's properties, wrongfully exercised undue control over the business affairs of BIC, BOP, and Yukon pursuant to Denali State Bank's Notice of Default and Sale issued in 2015, and prevented the Plaintiffs from checking BIC's account balance and other standard banking practices (Dkt. 8 at 4-12). Plaintiffs allege that in 2016 Denali State Bank wrongfully conducted a foreclosure sale on Plaintiffs' property; wrongfully

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                                3

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 3 of 18

froze certain BIC bank accounts; wrongfully levied funds of Bowers and BOP; refused to relinquish personal funds from a BIC account; failed to timely post the Notice of Default and Sale prior to the 2016 foreclosure sale; and that Denali State Bank provided false loan documents attached to affidavits (Dkt. 8 at 4-12).

The Plaintiffs also assert that Denali State Bank had been operating without a business license until 2019 and that Denali State Bank failed to record the sale price from property formerly owned by BIC (Dkt. 8 at 13-15).

## III.  APPLICABLE LAW

### A.  Dismissal Pursuant to Rule 12(b)(6) and Summary Judgement Pursuant to Rule 56

A defendant may seek dismissal by motion on the basis of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "In all cases, evaluating a complaint's plausibility is a 'context-specific' endeavor that requires courts to 'draw on ... judicial experience and common sense.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Eclectic Props. E., LLC v. Marcus Millichap co.*, 751 F.3d 990, 996 (9th Cir. 2014).

### B.  *Pro Se* Representation of Entity Plaintiffs

United States District of Alaska Local Civil Rule 11.1 provides that "[a] non-attorney may not appear on behalf of any other person or entity." *See also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                                          4

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 4 of 18

*pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities").

In the Ninth Circuit, sole proprietors "may proceed *pro se*" under § 1654 because "[a] sole proprietorship has no legal existence apart from its owner." *Sharemaster v. U.S. Sec. & Exch. Comm'n*, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017) (quoting *Holdings AW v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.4 (4th Cir. 2007)); *see also Brignac v. Yelp Inc.*, No. 19-CV-01188-EMC, 2019 WL 5268898, at *4 (N.D. Cal. Oct. 17, 2019) (finding that the Northern District of California's local civil rule prohibiting non-lawyers from representing entity plaintiffs did not bar self-representation of a sole proprietorship). However, "[s]ole shareholders of corporations are not allowed to represent such corporations *pro se*." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (citing *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609-10 (11th Cir. 1984)).

## C. Federal Subject Matter Jurisdiction

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*." *Int'l Union of Operating Engineers v. Cty. of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009) (emphasis in original).

Courts have discretion to hear pendent state law claims brought in conjunction with claims arising under federal law. *Burgess v. City & Cty. of San Francisco*, 955 F.2d 47 (9th Cir. 1992). "Pendent jurisdiction over state law claims exists when there is a viable federal cause of action and its relationship to the state claims permits the conclusion 'that the entire action before

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                                    5

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 5 of 18

the court comprises but one constitutional case.'" *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

"[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am.*, 383 U.S. at 726; *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented,* 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims") (quoting *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

## D. Civil RICO Claims

There are five elements to a civil RICO claim: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (1996). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Turner v. Boldt*, 172 F.3d 59 (9th Cir. 1999) (citing *Cervantes v. City of San diego*, 5 F.3d 1273, 1275 (9th Cir. 1993)).

### 1. Statute of limitations for RICO claims

The Supreme Court has imposed a four-year statute of limitations for claims brought under RICO's civil enforcement provision. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987).

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                                    6

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 6 of 18

The Ninth Circuit follows the "injury discovery" rule in determining when the statute of limitations begins tolling for a RICO claim. *Grimmett*, 75 F.3d at 511. Under the injury discovery rule,

> the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action. The plaintiff need not discover that the injury is part of a pattern of racketeering for the period to begin to run. . . . [A] new cause of action accrues for **each new and independent injury**.

*Id*. at 510 (internal citations omitted) (emphasis added).

"Two elements characterize an overt act which will restart the statute of limitations: 1) It must be a *new and independent act* that is not merely a reaffirmation of a previous act; and 2) It must *inflict new and accumulating injury* on the plaintiff." *Id*. at 513 (citing *Pace Industries, Inc. v. Three Phoenix Co*., 813 F.3d 234, 238 (9th Cir. 1987). "The statutes of limitations . . . [does] not begin anew each time a party discovers the extent of his injury is greater than he expected. *Kurtz v. Goodyear Tire & Rubber Co*., No. 19-16544, 2021 WL 2365986, at *2 (9th Cir. June 9, 2021).

### 2. Alleging racketeering activity with particularity

Racketeering activity includes "any act indictable under several provisions of Title 18 of the United States Code. . . . In order to constitute a 'pattern,' there must be at least two acts of racketeering activity within ten years of one another." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004).

"Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, the nature of the fraudulent scheme, and the role of each defendant in the scheme," for the predicate acts underlying a civil

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                      7

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 7 of 18

RICO claim. *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991); *see also Moore v. Kayport Package Exp.*, 885 F.531, 541 (9th Cir. 1989) (plaintiff did not assert fraud with sufficient particularity to establish a claim under RICO where it failed to specify the time, place, and content of the alleged misrepresentation, nor the identities of the parties involved).

"[A] court should identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Then, a court should assume the veracity of well pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief." *Eclectic Properties E., LLC*, 751 F.3d at 996 (internal quotations omitted).

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal quotations omitted).

## IV.  **DISCUSSION**

Plaintiffs' RICO claims are barred by RICO's four-year statute of limitations, as Plaintiffs fail to allege that the injury discovery related to those claims occurred, or should have occurred, after April 13, 2017, four years before this case was filed. Because the RICO claims are properly dismissed, any state law claims asserted by the Plaintiffs should be dismissed as well, since there are no remaining federal claims in the amended complaint.

//

//

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                      8

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 8 of 18

**A. Entity Plaintiffs Cannot be Represented by a Non-Attorney.**

Bowers appears before the Court *pro se* and asserts the claims of several business entities, including Bowers Investment Company LLC, Bowers Office Products, Inc., Yukon Maxi-Storage, and Bowers General Construction. All of the plaintiffs appear to be represented by Bowers, a non-attorney. While Bowers may represent himself *pro se*, Local Civil Rule 11.1 prohibits a non-attorney from representing any other person or entity, unless the entity is a sole proprietorship.

Plaintiffs failed to assert that BIC, BOP, Yukon, or BGC are sole proprietorships and thus could represented by Bowers *pro se*. *See Sharemaster*, 847 F.3d at 1066 n.4. Plaintiffs had opportunity to respond the defendants' assertions that Local Civil Rule 11.1 prevented Bowers from representing any other plaintiffs in this case, but failed to do so (*See* Dkts. 35, 39). However, since the Court finds that all the RICO claims in this case are barred by RICO's four-year statute of limitations and that the RICO claims were not alleged with sufficient particularity, the Court need not determine which claims Bowers may or may not have standing to bring in this case and which claims, if any, could only be asserted by an entity plaintiff.

**B. Plaintiffs' RICO Claims are Barred by RICO's Four-Year Statute of Limitations.**

The RICO claims asserted in this case have not been brought within the four-year statute of limitations and therefore must be dismissed. The Plaintiffs' RICO claims stem from allegations of misconduct surrounding (1) Denali State Bank's issuance of loans to the Plaintiffs and alteration of loan documents from 2006 to 2009 and (2) allegations of misconduct surrounding Plaintiffs' default on the loans and the foreclosure on Plaintiffs' property from 2015 to 2016. Those injuries fall outside RICO's four-year statute of limitations, as this suit was filed

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                    9

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 9 of 18

on April 14, 2021. Therefore, the Plaintiffs' RICO claims are time barred and properly

dismissed. Although the issue of RICO's statute of limitations barring the Plaintiffs' claims was

discussed by both the Denali Defendants and FNBA Defendants in their motions and related

briefings the Plaintiffs failed to address the issue. In responding to FNBA Defendants' motion to

join, the Plaintiffs only state that "THE PLAINTIFFS' CLAIMS ARE NOT TIME BARRED

AND ARE SUBJECT TO RICO RULES OF ACCRUAL" and failed to address the substance of

the defendants' arguments nor explain how injuries stemming from events occurring before 2017

fall within RICO's four-year statute of limitations (*See* Dkt. 39 at 15).

1. **"Improprieties" 2, 3, 9, 10, 11, 12, 13, 15, 16, 18, 19, 20, 21, 23, 27, 29, 30, 31, 32, 33, and 35 allege misconduct that does not fall within the statute of limitations.**

In the First Amended Complaint, Plaintiffs describe 39 "Improprieties;" 21 of those

"Improprieties" allege dates that fall outside the four-year statute of limitations (Dkt. 8 at 4-13, ¶

2, 3, 9, 10, 11, 12, 13, 15, 16, 18, 19, 20, 21, 23, 27, 29, 30, 31, 32, 33, 35). While in the Ninth

Circuit, "the civil RICO limitations period begins to run when a plaintiff knows or should know

of the injury that underlies his cause of action," Plaintiffs make no attempt to assert that the

"injury discovery" date related to those alleged improprieties occurred within four years of the

filing of this suit. *See Grimmett*, 75 F.3d at 510. Therefore, RICO claims stemming from those

allegations are properly dismissed.

2. **"Improprieties" 4, 5, 6, 7, 8, 14, 17, 22, 24, 25, 26, and 34 allege ongoing injuries, but fail to assert that the injury discovery date occurred within the statute of limitations.**

12 of the "Improprieties" alleged in the first amended complaint include date ranges that

begin more than four years before the suit was filed and continue "to PRESENT" (Dkt. 8 at 5-13,

¶ 4, 5, 6, 7, 8, 14, 17, 22, 24, 25, 26, 34). As mentioned *supra*, the Ninth Circuit employs the

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                                  10

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 10 of 18

"injury discovery" rule to determine when the statute of limitations begins on a RICO claim; this occurs when a plaintiff knows or should have known about the resulting injury. Regarding these 12 allegations in the first amended complaint, the date ranges begin outside the statute of limitations and the Plaintiffs fail to assert that the date they became aware (or should have been aware) of the associated injuries occurred within four years of bringing this suit. In order to restart the statute of limitations, Plaintiffs needed to assert that the defendants committed a "*new and independent act* that is not merely a reaffirmation of a previous act" that "*inflict*[s] *new and accumulating injury* on" the Plaintiffs. *See id.* at 513 (emphasis in original).

The following table (1) summarizes the alleged improprieties which Plaintiffs assert are ongoing and (2) describes the date of injury discovery, which Plaintiffs failed to assert fell within the four-year statute of limitations.

**Table 1: Alleged Ongoing Improprieties and Injury Discovery Dates**

| Date Range | Alleged Impropriety | Injury Discovery Date |
|---|---|---|
| **4/2008-Present** Dkt. 8 at 5, ¶ 4 | "Denali State Bank has refused to release the original/authentic version of the 2008 Loan Documents" | Date when Plaintiffs first were made aware or should have been aware of Denali State Banks' alleged refusal to release documents. |
| **4/2008-Present** Dkt. 8 at 5, ¶ 5 | "Denali State Bank's Materially Altered Deed of Trust Modified [sic] a 2008 Deed of Trust to a 2006 Deed of Trust, Promissory Note, and Related Loan Documents contain terms that were not agreed to by BIC" | Date when Plaintiffs first were made aware or should have been aware of the alleged alterations. |
| **4/2008-Present** Dkt. 8 at 5, ¶ 6 | "Denali State Bank's Materially Altered Deed of Trust contains a nonconsensual add-on page entitled "Exhibit-A", which attempts to include BIC's Lot-26 as collateral" | Date when Plaintiffs were first made aware or should have been aware of the alleged addition of "Exhibit-A." |
| **4/2008-Present** Dkt. 8 at 6, ¶ 7 | "Denali State Bank falsely asserts that in 2008 BIC borrowed additional funds based on a 2006 Loan and Modification to a 2006 Deed of Trust." | Date when Plaintiffs were first made aware or should have been aware of the alleged incorrect statement in the loan documents. |
| **4/2008-Present** Dkt. 8 at 6, ¶ 8 | "Denali State Bank's Materially Altered Deed of Trust, Promissory Note, and Related Loan Documents contained altered content including cut & paste/copied fraudulent signatures." | Date when Plaintiffs were first made aware or should have been aware of the alleged alterations. |

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                                  11

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 11 of 18

| | | |
|---|---|---|
| **8/2015-Forward**<br>**Dkt. 8 at 8, ¶ 14** | "Denali State Bank continued to collect BIC's lease revenue and engage in collection activities even after BIC filed its first chapter 11 Bankruptcy petition on November 17, 2015." | Date when Plaintiffs were first made aware of should have been aware of the alleged impermissible collection of lease revenues. |
| **10/2015-Present**<br>**Dkt. 8 at 8, ¶ 17** | "Denali State Bank has continued to keep Bowers Deposit Account . . . frozen despite having no legal basis for doing so." | Date when Plaintiffs were first made aware or should have been aware of the alleged impermissible freezing of the account. |
| **8/2015-Present**<br>**Dkt. 8 at 10, ¶ 22** | Denali State Bank "has refused to relinquish 'All Funds Taken' within BIC's account . . . and the rent control account at [Denali State Bank]." | Date when Plaintiffs were first made aware of should have been aware of the alleged refusal to relinquish those funds. |
| **11/2015-Present**<br>**Dkt. 8 at 11, ¶ 24** | "Denali State Bank has illegally prevented [Bowers, BOP, BIC, and Yukon] from conducting standard Banking practices and checking BIC's account balance." | Date when Plaintiffs were first made aware or should have been aware of the alleged refusal to conduct the requested banking practices. |
| **2008-2015-Present**<br>**Dkt. 8 at 11, ¶ 25** | "Denali State Bank has failed to produce an accurate accounting for its claims, foreclosure amount, seized funds, and frivolous miscellaneous fees levied against [Plaintiffs'] account." | Date when Plaintiffs were first made aware or should have been aware of the alleged denial of Plaintiffs' first request for such accounting. |
| **2015-Present**<br>**Dkt. 8 at 11, ¶ 26** | "BIC has never been allowed to formally 'Object to Proof of Claim' and initiate an adversarial proceeding as allowed by Bankruptcy law." | Date when Plaintiffs were first made aware or should have been aware of Randall Ensminger's alleged refusal to file the desired objection. |
| **9/30/2016-Present**<br>**Dkt. 8 at 13, ¶ 34** | "Denali State Bank has exercised direct control of [Yukon] and Lot-26 when they first posted the property on August 12, 2015." | Date when Plaintiffs were first made aware or should have been aware of the alleged impermissible exercise of control. |

### 3. "Improprieties" 1, 28, 36, and 37 do not assert RICO claims that fall within the statute of limitations.

First, Plaintiffs assert that Denali State Bank did not have a valid state business license

until 2019 (Dkt. 8 at 4, ¶ 1). Denali Defendants assert that Denali State Bank is exempt from an

Alaska business license because it is regulated by the State of Alaska Division of Banking and

Securities rather than the State Corporations Section (Dkt. 29 at 14). Denali Defendants further

assert that even if they were in violation of the Alaska Business License Act, it would not rise to

a RICO claim as it did not injure the Plaintiffs nor have any bearing on the validity of the alleged

contracts at issue in this case (Dkt. 29 at 14-16). The Alaska Business License Act establishes a

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                    12

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 12 of 18

$300 fine for knowingly operating without a business license in violation of the statute. A.S. §

43.70.020(e). The statute is a revenue raising law. 1960 Alas. AG LEXIS 40, *2, 1960 Op. Atty

Gen. Alas. No. 27. Courts have held that similar revenue raising laws do not result in the voiding

of contracts entered into by a business without a license. *See Wane v. Loan Corp.*, 926 F. Supp.

2d 1312 (M.D. Fla. 2013); *see also Sunflower Lumber Co. v. Turner Supply Co.*, 48 So. 510, 512

(Ala. 1909).

Even assuming it is a valid RICO claim, the fact that Denali State Bank continued to

operate without a license after entering into loan agreements with Plaintiffs from 2006-2009 and

during the default and foreclosures in 2015-2016 does not create a new injury under the Ninth

Circuit's injury discovery rule. Mere continuation of conduct is not a new and independent act

that inflicts new and accumulating injury. *Grimmet*, 75 F.3d at 513. Any injury stemming from

agreements between Denali State Bank when it allegedly failed to obtain an Alaska business

license thus occurred outside the statute of limitations.

Next, Plaintiffs allege that "Denali State Bank levied funds out of the Guarantors'

accounts at First National Bank" and in 2016 and a court order forced the return of those funds

on November 28, 2017 (Dkt. 8 at 12, ¶ 28). While Plaintiffs assert that the court order directing

reimbursement occurred within the statute of limitations of this suit, Plaintiffs fail to assert that

the injury discovery occurred, or should have occurred, within the statute of limitations, keeping

in mind that the statute of limitations does not restart "each time a party discovers the extent of

his injury is greater than he expected." *See Kurtz*, WL 2365986 at *2. Plaintiffs do not allege

facts to indicate that the injury was discovered after April 2017, regardless of when the court

order was issued.

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                    13

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 13 of 18

Plaintiffs also assert that "'TAKE' of House located at 791 Eton Boulevard during which [Bowers] lost real estate property valued at $600,000 and was arrested in a civil case without proper legal service, no claim of criminal violations while disallowing Bowers [sic] arguments that he was legally separate from [BIC]" (Dkt. 8 at 14, ¶ 36). While Plaintiffs provide a date of "August 22, 2019," Plaintiffs' first amended complaint does not assert what occurred on that date. Further, the claims appear to be directed at the Jo Kuchle, Yukon Title Company, the Alaska State Court System, and the Federal District Court for the District of Alaska. These are the sole allegations of misconduct on these defendants in the complaint; Plaintiffs have not alleged a pattern of illegal behavior required to establish a claim under RICO.

Lastly, Plaintiffs allege that on April 28, 2020, "Tanana Chiefs Conference . . . purchase[ed] [BIC properties] through Doyon's Ruby area Corporation Dineega" and "[n]either Tanana Chiefs Conference nor Denali State Bank has recorded a purchase price for conveyance of [the properties]" (Dkt. 8 at 15, ¶ 37). However, Plaintiffs' injuries involve the judgement of default and foreclosure of their properties, therefore the subsequent resale of such properties does not constitute a new injury so as to restart the statute of limitations. *See State Comp. Ins. Fund v. Khan*, 722 F. App'x 628, 631 (9th Cir. 2018), *as amended on denial of reh'g and reh'g en banc* (Feb. 27, 2018) ("[The plaintiff] has not introduced evidence of new acts or injuries within the four years preceding this suit; a third-party's collection of claims no longer owned by these Defendants-Appellees does not restart the statute of limitations with regard to [the plaintiff's] claims against them").

//

//

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                    14

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 14 of 18

4. **"Improprieties" 38 and 39 do not include relevant dates and therefore do not sufficiently allege RICO claims.**

Plaintiffs allege that Denali State Bank has "attempt[ed] to run us out of funds and resources" and "[t]he ripple effect of Denali State Bank's corruption during the April 24, 2008 Loan Documents has continued to harm us to this day" (Dkt. 8 at 15, ¶ 38). Plaintiffs further assert that "[t]here are multiple major disturbances in the Chapter 7 Trustee's handling of BIC's BK Case" (Dkt. 8 at 15-16, ¶ 39). In these allegations, the Plaintiffs do not provide any relevant dates of conduct or injury discovery that fall within the statute of limitations, and therefore the claims are properly dismissed.

C. **Plaintiffs Failed to Articulate RICO Claims with Particularity.**

In their response to the motion to dismiss, Plaintiffs assert that the predicate RICO acts in this case include (1) mail fraud pursuant to 18 U.S.C. § 1341, (2) wire fraud pursuant to 18 U.S.C. § 1343, and (3) Title 11 bankruptcy fraud (Dkt. 35 at 5). However, Plaintiffs do not plead those predicate offenses with particularity.

"To allege a violation of the mail fraud statute, it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399–400 (9th Cir. 1986). Plaintiffs state in their response to the motion to dismiss, that

> a mailed letter written by Michael McLaughlin acknowledg[ed] that Denial State Bank had "granted" (past-tense) a Payment Plan. The letter is followed by check stub receipts showing Bowers made payments as agreed upon in the plan. Denali State Bank then unlawfully disregarded the plan despite receiving the agreed upon

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                        15

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 15 of 18

> payments and participated in fraud throughout a corrupt foreclosure process causing harm to the Plaintiffs' business and property.

(Dkt. 35 at 6). Even if this information had been included in the first amended complaint, it does not meet the particularity requirements of Rule 9(b). Plaintiffs do not allege facts that McLaughlin or others created a scheme to deceive or defraud using the U.S. Mail to get the Plaintiffs to enter in a modified payment agreement and then not honor the agreement. In fact, the referenced letter addressed to Bowers, attached to the original complaint in this case, states that "[t]he Bank has repeatedly tendered the Change of Terms agreement to you. Despite your promise to sign it, you have not done so. Nor have you made an interest payment for May or June," indicating that Plaintiffs did not enter into any such agreement (Dkt. 1-3 at 1).

Next, any allegations of wire fraud pursuant to 18 U.S.C. § 1343 and Title 11 bankruptcy fraud in the first amended complaint also are not alleged with particularity. Plaintiffs assert that the foreclosure on their properties was a result of fraudulent activities of the defendants, specifically the alteration of the terms of a loan agreement between Denali State Bank and the Plaintiffs. However, as the Denali Defendants point out, "the only factual allegations in the Complaint which approach [this] single fraudulent act are Plaintiffs' vague, non-specific allegations that an unidentified person, at an unidentified time, in an unidentified place, improperly altered or changed certain loan documents sometime between 2006 and 2008" (Dkt. 41 at 7). As mentioned *supra*, plaintiffs who fail to include the time, place, content of an alleged misrepresentation, and identities of the parties involved in a pattern of predicate offenses, fail to assert a civil RICO claim with the requisite particularity. *Moore*, 885 F.2d at 541. Further, allegations that "are no more than conclusions, are not entitled to the assumption of truth."

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                                      16

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 16 of 18

*Eclectic Properties E., LLC*, 751 F.3d at 996 (internal quotations omitted). Plaintiffs' allegations of predicate acts are not asserted with particularity and therefore the civil RICO claims in the first amended complaint are properly dismissed.

### D. Defendants' Request to Dismiss on the Ground of Inadequate Service is Moot.

The defendants assert that Plaintiffs' claims should be dismissed because the defendants were not provided proper service. When a plaintiff fails to properly serve the defendants in a case within 90 days as required by Federal Rule of Civil Procedure 4, Courts have discretion to grant a plaintiff leave to make proper service or dismiss the case without prejudice. Fed. R. Civ. P. 4(m). Here, the Court has warned the Plaintiffs of their failure to effectuate proper service (Dkts. 12, 38). The Court informed the Plaintiffs that "[e]ach defendant named must be individually served in accordance" with Rule 4 and "[b]lanket mailings to groupings of defendants at business addresses is wholly insufficient" (Dkt. 38 at 6).

Plaintiffs have not corrected those errors. FNBA defendants note "that boxes of Plaintiffs' documents were 'delivered' to a branch of FNBA and eventually found their way to counsel," but an "unexplained delivery of boxes to a bank branch is not reasonably calculated to provide due process notice" (Dkt. 60 at 2). Plaintiffs assert that "Denali State Bank is responsible for delivery to its associated Defendants, who operate in their capacity as [Denali State Bank] associated at the [Denali State Bank] address where they were served," further asserting that for any defendants not physically located at the address where the documents were sent, it would be "possible for the Bank to forward these documents from their headquarters to all [Denali State Bank] Associated Defendants via the computer" (Dkt. 58 at 3).

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                    17

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 17 of 18

Plaintiffs' refusal to effectuate proper service on all defendants in this case, despite multiple Court orders directing them to do so, warrants dismissal without prejudice. However, this issue is moot, since the Court recommends that the case be dismissed with prejudice due to the Plaintiffs' failure to assert valid RICO claims within the statute of limitations and with the requisite particularity.

**E. The Parties May File a Motion for Attorneys' Fees at the Close of Litigation.**

The defendants seek an award of attorneys' fees associated with improper service and pleadings in the case. As mentioned in the Court's Order at docket 63, the defendants may revisit the issue of costs and fees at the close of litigation. Such motion should provide the Court with all the information required by Local Civil Rule 54.2.

## V.  CONCLUSION

For the foregoing reasons, the Court recommends that the District Court **GRANT** the defendants' motion to dismiss at docket 29. The Court recommends that the District Court **GRANT in part** defendants' motion to enforce orders on service at docket 51 and authorize the return or destruction of the 11 boxes of documents improperly served on the defendants in this case by the Plaintiffs.

DATED this 26th day of August, 2021 at Anchorage, Alaska.

/s/Deborah M. Smith
CHIEF U.S. MAGISTRATE JUDGE

*Bowers v. Denali State Bank, et al.*
4:21-cv-00007-SLG-DMS
R&R re Mtn to Dismiss & Mtn to Enforce Orders on Service                                        18

Case 4:21-cv-00007-SLG   Document 67   Filed 08/26/21   Page 18 of 18