# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

GERALD L. BOWERS,

    Plaintiff,

    v.

DENALI STATE BANK and FIRST NATIONAL BANK ALASKA,

    Defendants.

Case No. 4:21-cv-00007-SLG-MMS

## ORDER RE REPORT AND RECOMMENDATION

Before the Court at Docket 29 is *Defendants Denali State Bank, Denali Bankcorporation, Inc., Lundgren, Weaver, Pletnikoff, Heckman, and Hines' Motion to Dismiss*. Plaintiffs responded in opposition at Docket 35 to which Denali Defendants replied at Docket 41. Also before the Court at Docket 37 is *Defendants First National Bank Alaska, Betsy Lawer, Jerry Walker, and Bill Refrew's Joinder and Motion to Dismiss*. Plaintiffs responded in opposition at Docket 39, Defendants replied in support of the motion at Docket 43, and Plaintiffs filed a notice regarding both sets of Defendants' replies at Docket 44.

Also before the Court at Docket 51 is FNBA Defendants' *Motion to Enforce Orders on Service*. Denali Defendants joined the motion at Docket 54. Plaintiffs responded in opposition at Dockets 57 and 58. FNBA Defendants filed a reply in support of the motion at Docket 60; Denali Defendants filed a reply in support of

the motion at Docket 61. Plaintiffs filed supplemental objections at Dockets 64 and 65.

These motions were referred to the Honorable Magistrate Judge Deborah M. Smith. At Docket 67, Judge Smith issued a Report and Recommendation, in which she recommended that the Denali Defendants' motion to dismiss at Docket 29 be granted and the FNBA Defendants' motion to enforce orders of service at Docket 51 be granted in part. Plaintiffs filed objections to the Report and Recommendation at Docket 69; FNBA Defendants filed a response to Plaintiffs' objections at Docket 72; and Plaintiffs filed a reply to the FNBA Defendants' response at Docket 75. Denali Defendants filed a response to Plaintiffs' objections at Docket 73; and Plaintiffs filed a reply to the Denali Defendants' response at Docket 76.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 2 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 2 of 11

nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] "Factual allegations must be enough to raise a right to relief above a speculative level[.]"[7] However, "the tenet that a court accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[8] As such, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[9]

---

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[4] *Metzler Inv. GMBH v. Corinthian Colls., Inc*., 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Id.* (citing *Twombly*, 550 U.S. at 556).

[7] *Twombly*, 550 U.S. at 555.

[8] *Iqbal*, 556 U.S. at 678.

[9] *Id*. (quoting *Twombly*, 550 U.S. at 555).

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 3 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 3 of 11

"Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment."[10]  However, "a district court does not err in denying leave to amend where the amendment would be futile."[11]  In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."[12]

First, the Court finds that the claims of the entity Plaintiffs (i.e. all Plaintiffs except Mr. Bowers) should be dismissed because they do not have an attorney. This is because an entity such as an LLC or a corporation must be represented by an attorney in federal court.[13]  However, Mr. Bowers has indicated that he may "retain an attorney to represent the artificial entity plaintiffs."  Accordingly, the dismissal of the entity Plaintiffs from this case will be without prejudice to permit these Plaintiffs to obtain legal representation in this action prior to the filing of an amended complaint as discussed below.

Second, the Court finds that Plaintiff have not effectuated valid service upon any of the individual defendants.  As the Magistrate Judge correctly explained,

---

[10] *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017) (quoting *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

[11] *Id.* at 656 (quoting *Thinket Ink Info Res., Inc.*, 368 F.3d at 1061).

[12] *Reddy v. Litton Indus., Inc*., 912 F.2d 291, 296 (9th Cir. 1990).

[13] *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) (holding that "a corporation may appear in the federal courts only through licensed counsel"); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc*., 366 F.3d 972, 973 (9th Cir. 2004) ("It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney'" (quoting *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994))).

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 4 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 4 of 11

service must be in accordance with Federal Rule of Civil Procedure 4. "Blanket mailings to groupings of defendants at businesses addresses is wholly insufficient" and is not in accordance with Rule 4.[14] It appears that Mr. Bowers disagrees as to the sufficiency of this process and does not intend to perform any other service of the complaint or other filings upon these individual defendants. Accordingly, pursuant to Rule 4(m), all claims against the individual defendants will be dismissed without prejudice.[15]

Third, with respect to the allegations that Denali State Bank did not have a valid state business license, the Court adopts the Magistrate Judge's analysis that this does not state a valid claim under RICO and, to the extent the lack of a license began prior to the limitations period and continued to 2019, it does not constitute a new injury under the injury discovery rule. Likewise, the Court adopts the Magistrate Judge's rejection of the claims against Denali for levying funds, the claims against Yukon Title Company, the Alaska State Court System, and the Federal District Court for the District of Alaska in connection with their unexplained roles in an apparent foreclosure of a house on Eton Boulevard. Likewise, the Court adopts the Magistrate Judge's analysis and finds that the Amended Complaint fails to state a viable cause of action against Tanana Chiefs Conference or Key Bank.

---

[14] Docket 38 at 6.

[15] Timeliness of service is governed by Federal Rule of Civil Procedure 4(m), which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 5 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 5 of 11

Fourth, the Court addresses whether Plaintiff Bowers has stated a plausible cause of action under RICO against Denali State Bank or FNBA. On de novo review, the Court adopts the Magistrate Judge's statement of facts.[16] The Court finds that the applicable statute of limitations for RICO civil enforcement actions is four years.[17] And the Court agrees with the Magistrate Judge that the alleged racketeering activity must be pleaded with particularity.[18] The Court adopts the Magistrate Judge's analysis insofar as the judge determined that many of the alleged "improprieties" fall outside of the four year statute of limitations, and should be dismissed for that reason.[19] The Amended Complaint does allege several "improprieties" that are ongoing, and thus might fall within the statute of limitations. But the Amended Complaint fails to adequately allege how these alleged acts fall within the injury discovery rule. As explained by the Supreme Court and quoted by the Magistrate Judge, "[two elements characterize an overt act which will restart the statute of limitations: 1) it must be a *new and independent act* that is not merely a reaffirmation of a previous act; and 2) it must inflict *new and accumulat*ing injury on the plaintiff."[20] The Amended Complaint does not adequately address either of these elements with respect to each alleged impropriety that might arguably fall

---

[16] Docket 67 at 3-4.

[17] *Agency Holding Corp. v. Molley-Duff & Associates*, 483 U.S. 143, 156 (1987).

[18] Docket 67 at 7–8, *citing Lancaster Cnty. Hosp. v. Antelope Hosp. Dist*., 940 F. 2d 397, 405 (9th Cir. 1993).

[19] *See* Docket 67 at 10 (listing paragraphs).

[20] Docket 67 at 7 (*quoting Agency Holding Corp*., 483 U.S. at 156.).

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 6 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 6 of 11

within the statute of limitations; each of these elements must be pleaded with particularity. Therefore, the Amended Complaint will be dismissed.

Plaintiffs' objection to the Report and Recommendation identifies a letter from December 2018, which they maintain "trigger[s] the accrual rule domino effect for another previous four year window of accumulated RICO Offenses."[21] But for the reasons set forth by Denali Defendants in their response to those objections, the Court finds that the letter constitutes a continuation of previous collection efforts and is not a new and independent act sufficient to restart the limitations period.[22]

However, the Court will accord to Mr. Bowers the opportunity to file a Second Amended Complaint in an attempt to remedy these deficiencies. A Second Amended Complaint shall, at a minimum, clearly indicate the precise injury to each plaintiff caused by each defendant, shall clearly state the precise date on which each plaintiff knew or should have known of that alleged injury having been caused by each defendant to that plaintiff, and plausibly allege facts that if proven, would entitle that plaintiff to relief. Any entity plaintiff must be represented by a licensed attorney.

As explained in the Magistrate Judge's Report and Recommendation, a civil RICO plaintiff must allege plausible facts that if proven true would show: 1)

---

[21] Docket 69 at 3.

[22] Docket 73 at 7. *See also* Docket 72 at 2-3 ("As a matter of law, the Magistrate properly concluded the December 20, 2018 letter did not restart a new or separate accrual period.").

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 7 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 7 of 11

conduct; 2) of an enterprise;[23] 3) through a pattern;[24] 4) of racketeering activity;[25] 5) that causes injury to the plaintiff's business or property.[26] A pattern of racketeering activity requires at least two predicate acts that creates a threat of continuing criminal activity.[27] A plaintiff must show that the alleged injury to business or property was caused by the conduct that constitutes the RICO violation.[28] Lastly, a plaintiff's allegations must be in accordance with the four-year statute of limitations for RICO civil enforcement and the injury discovery rule;[29] and plead with particularity as required by Rule 9 of Federal Civil Procedure.

**IT IS THEREFORE ORDERED:**

1. On de novo review, the Court **ADOPTS** the Report and Recommendation at Docket 67 **as to the** Statement of Facts and as set forth above.

2. FNBA Defendants' Motion to Enforce Orders at on Service at Docket 51 is **GRANTED as follows:** FNBA Defendants and Denali Defendants may return or destroy the received boxes of blanket mailings in this case; all claims against individual defendants are **DISMISSED WITHOUT**

---

[23] 18 U.S.C. § 1961(4).

[24] 18 U.S.C. §1961(5).

[25] 18 U.S.C. § 1961(1).

[26] *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005); *accord Grimmett v. Brown*; 75 F. 3d 506, 510 (1996).

[27] *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–38 (1989).

[28] *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

[29] *Agency Holding Corp*, 483 U.S. at 156; *Grimmett*, F.3d at 511.

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 8 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 8 of 11

**PREJUDICE** for lack of service in accordance with Rule 4(m) of Federal Civil Procedure.

3. The entity plaintiffs (Bowers Investment Company LLC, Bower's Office Products Inc., Yukon Maxi-Storage, and Bowers General Construction) cannot be represented by a self-represented plaintiff and are each **DISMISSED WITHOUT PREJUDICE**.

4. All claims against Yukon Title Company, the Alaska State Court System, the Federal District Court for the District of Alaska, the Tanana Chiefs Conference, and Key Bank are DISMISSED WITHOUT PREJUDICE for failure to state a viable claim for relief.

5. In light of the foregoing, the case caption is amended as set forth at the outset of this order.

6. The Denali Defendants' Motion to Dismiss at Docket 29 and the FNBA Defendants' Motion to Dismiss at Docket 37 are each GRANTED. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted; however, the Court grants leave to amend.

7. Plaintiff Gerald L. Bowers has **30 days from the date of this Order** to file one of the following:

    a. <u>Amended Complaint</u>, in which Mr. Bowers would restate some or all of his claims after correcting each of the deficiencies in accordance with this order; OR

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 9 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 9 of 11

b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Mr. Bowers no longer wishes to pursue his lawsuit and result in the dismissal of the entire action.

8. An amended complaint will replace the prior complaint in its entirety.[30] An amended complaint must include all of the claims Mr. Bowers seeks to bring. Any claims not included in the amended complaint will be considered waived.

9. If Mr. Bowers does not file either an Amended Complaint or a Notice of Voluntary Dismissal within **30 days of the date of this Order** this case will be **DISMISSED WITH PREJUDICE**.

10. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the litigant receives a Notice of Electronic Filing ("NEF") from the Court that indicates when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

11. At all times, Mr. Bowers must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF

---

[30] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 10 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 10 of 11

ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

12. The Clerk of Court is directed to send Mr. Bowers the following forms with this Order: (1) AO Pro Se 1 Complaint for a Civil Case; (2) AKD PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 28th day of October, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:21-cv-00007-SLG-MMS
Order re Final Report and Recommendation
Page 11 of 11
Case 4:21-cv-00007-SLG-MMS   Document 79   Filed 10/28/21   Page 11 of 11