# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GERALD L. BOWERS, *et al.*,<br><br>        Plaintiffs,<br><br>      v.<br><br>DENALI STATE BANK and FIRST NATIONAL BANK OF ALASKA,<br><br>        Defendants. | Case No. 4:21-cv-00007-SLG |

## ORDER RE MOTIONS FOR ATTORNEY'S FEES

This order addresses two pending motions: (1) Defendant Denali State Bank's ("DSB") *Motion for Attorneys' Fees* at Docket 89; and (2) Defendant First National Bank of Alaska's ("FNBA") *Joinder and Motion for Award of Attorney Fees and Costs* at Docket 90, which adopts the statement of facts and arguments contained in DSB's motion. Plaintiff Gerald L. Bowers filed no response to these motions. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

Mr. Bowers initiated this suit against DSB, FNBA, and several other individual and entity defendants in April 2021, alleging fraud, civil conspiracy to commit fraud, abuse of process, and civil violations of the federal Racketeer

Influenced and Corrupt Organizations Act ("RICO").[1] In October 2021, this Court adopted the report and recommendation of the Honorable Magistrate Judge Deborah M. Smith to dismiss all claims against DSB and FNBA without prejudice for failure to state a claim.[2] The Court accorded Mr. Bowers thirty days in which to file a second amended complaint or a notice of voluntary dismissal, which he failed to do.[3] The Court subsequently dismissed the case with prejudice.[4]

DSB and FNBA are now seeking an award of full attorney's fees pursuant to Alaska Civil Rule 82.[5] DSB states that it has incurred $57,732.50 in attorney's fees in "defending itself and the other Denali Defendants in this action,"[6] and FNBA states that it has incurred $18,647.50 in attorney's fees.[7]

## DISCUSSION

Mr. Bowers' claims were based on both state and federal law.[8] Alaska Civil Rule 82 governs the award of attorney's fees for state law claims heard in federal

---

[1] *See* Docket 1.

[2] *See* Docket 79 at 6–7.

[3] *See* Docket 79 at 7, 9–10; Docket 86 at 2.

[4] Docket 86.

[5] Docket 89 at 1; Docket 90 at 3.

[6] Docket 89 at 9–10.

[7] Docket 90 at 2.

[8] *See* Docket 1.

Case No. 4:21-cv-00007-SLG, *Bowers, et al. v. Denali State Bank, et al.*
Order re Motions for Attorney's Fees
Page 2 of 7

court.[9] Under Rule 82, a prevailing party generally may only recover a portion of its attorney's fees; when, as here, the case was resolved without trial and the prevailing party recovered no money judgment, the court is instructed to award the prevailing party "20 percent of its actual attorney's fees which were necessarily incurred."[10] However, Rule 82 also provides that a court may vary from that fee award for a number of reasons, including the "vexatious or bad faith conduct" of a party and "the reasonableness of the claims and defenses pursued by each side."[11]

Rule 82 does not apply to federal law claims, such as Mr. Bowers' RICO claims. Indeed, Defendants' own cited authority indicates that Rule 82 only applies in federal court "in diversity cases and in federal question cases with supplemental jurisdiction over *state-law claims*."[12] Defendants nevertheless assert that Rule 82 should govern the award of their full attorney's fees because "the majority of

---

[9] *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 974 (9th Cir. 2013).

[10] *See* Alaska R. Civ. 82(b)(2). If the prevailing party recovered a money judgment, the fee award is calculated according to a schedule in Rule 82(b)(1).

[11] Alaska R. Civ. 82(b)(3).

[12] *Disability L. Ctr. of Alaska v. Anchorage Sch. Dist.*, 581 F.3d 936, 938, 941 (9th Cir. 2009) (citation omitted) (emphasis added) (holding district court erred in awarding fees under Rule 82 when case presented no issue of state law); *Dietzmann v. City of Homer*, Case No. 09-00019 RJB, 2013 WL 11309599, at *5 (D. Alaska June 11, 2013) ("This award represents work done in defense of the state law claims only and does not include work done on the federal claims."); *see also Gwitchyaa Zhee Corp. v. Alexander*, Case No. 4:18-cv-0016-HRH, 2021 WL 1061974, at *3 (Mar. 18, 2021).

Case No. 4:21-cv-00007-SLG, *Bowers, et al. v. Denali State Bank, et al.*
Order re Motions for Attorney's Fees
Page 3 of 7

Bowers' claims implicate Alaska state law."[13] That approach is not how federal courts have applied Rule 82 when, as here, a case involves both state and federal claims and the prevailing party cannot or does not delineate the attorney's fees incurred in defending against each type of claim. Rather, the customary approach in that situation is to attribute fifty percent of any joint or undifferentiated fee work to the state law claims and fifty percent to the federal claims.[14] Applying that approach here, one half of Defendants' claimed attorney's fees will be governed by Rule 82, and the remaining half will be governed by federal law.

***Federal claim fee work.*** Federal Rule of Civil Procedure 54(d)(2) provides that a prevailing party seeking attorney's fees must "specify . . . the statute, rule, or other grounds entitling the movant to the award." Defendants have not specified a federal basis for a fee award for their work attributable to Mr. Bowers' federal law claims, as Defendants rely on Rule 82 as the sole basis for their requested fee awards.[15] Moreover, RICO permits only prevailing *plaintiffs* to recover attorney's

---

[13] Docket 89 at 6.

[14] *See, e.g.*, *Mahoney v. Barlow*, 452 Fed. App'x 724, 726 (9th Cir. 2011) ("The district court permissibly apportioned half the fees to the federal claim and half to the state-law claim."); *Estate of Tasi ex rel. Taualo-Tasi v. Municipality of Anchorage*, Case No. 3:13-cv-00234-SLG, 2017 WL 6025339, at *2 (Mar. 20, 2017) (approving prevailing party's "proposal to attribute 50% of the joint federal/state fee work to the state law claims"); *Dietzmann*, 2013 WL 11309599, at *3 (characterizing half the fees for "joint work done on federal and state claims" as "attributable to defending state law claims").

[15] *See* Docket 89 at 1; Docket 90 at 2 & n.1.

Case No. 4:21-cv-00007-SLG, *Bowers, et al. v. Denali State Bank, et al.*
Order re Motions for Attorney's Fees
Page 4 of 7

Case 4:21-cv-00007-SLG   Document 95   Filed 02/04/22   Page 4 of 7

fees under its provisions.[16]  While defendants in RICO suits may still recover attorney's fees on another basis rooted in federal law, such as sanctions under Federal Rule of Civil Procedure 11,[17] Defendants have not made a motion for sanctions or otherwise offered federal law grounds for a fee award.

***State claim fee work.***  As discussed above, Defendants would customarily be entitled to 20% of the 50% portion of their attorney's fees attributable to defending against the state law claims.  However, DSB and FNBA contend that enhanced attorney's fees are warranted under Rule 82 due to Mr. Bowers' "vexatious and bad faith conduct, the frivolous claims he asserted and unreasonable positions he took through this litigation, his incessant refusal to comply with the Magistrate's orders, and other equitable factors."[18]  Defendants assert that this conduct "significantly increased [their] legal expenses beyond what they would have been had Bowers acted reasonably and complied with the civil rules and the court's repeated instruction."[19]

---

[16] *See* 18 U.S.C. § 1964(c); *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996).

[17] *See, e.g.*, *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200–02 (9th Cir. 1988).

[18] Docket 89 at 8 (citing Alaska Rule 82(b)(3)); Docket 90 at 3.

[19] Docket 89 at 9; Docket 90 at 3–4 ("Plaintiff Bowers routinely disregarded the court rules and court orders in this matter causing defendants to incur unnecessary expenses and fees.").

Case No. 4:21-cv-00007-SLG, *Bowers, et al. v. Denali State Bank, et al.*
Order re Motions for Attorney's Fees
Page 5 of 7

Case 4:21-cv-00007-SLG   Document 95   Filed 02/04/22   Page 5 of 7

The Court agrees that an award of full attorney's fees for the state law claims is warranted based on Mr. Bowers' "vexatious [and] bad faith conduct."[20] As noted by the magistrate judge, nearly every document filed by Mr. Bowers contained "procedural or technical violations."[21] Mr. Bowers repeatedly ignored the magistrate judge's instructions regarding service and the filing of motions, and he filed certificates of service falsely indicating he had complied with the service rules.[22] This conduct unnecessarily prolonged the litigation and caused Defendants to incur additional legal expenses in filing motions to strike and substantive responses to Mr. Bowers' numerous improperly filed "notices."[23]

***Claimed fees.*** The Court has reviewed Defendants' billings and finds that they appear to accurately reflect Defendants' "reasonable actual attorney's fees which were necessarily incurred."[24] Moreover, Mr. Bowers did not dispute

---

[20] Alaska R. Civ. 82(b)(3)(G); *see Vasquez v. Campbell*, 146 P.3d 1, 2 (Alaska 2006) (stating that a Rule 82 fee award may be "increased to encompass full reasonable fees in cases where a non-prevailing party has engaged in bad faith conduct or pursued frivolous claims or defenses").

[21] Docket 38 at 2.

[22] *See* Docket 12, 38; *see, e.g.*, Dockets 10–11, 13, 19–22, 24–27, 32–34, 36.

[23] *See, e.g.*, Docket 32; Docket 34; Docket 45; Docket 55.

[24] Alaska R. Civ. 82(b)(2); Docket 89-1 (Harki Aff.); Docket 90-1 (Moore Aff.).

Case No. 4:21-cv-00007-SLG, *Bowers, et al. v. Denali State Bank, et al.*
Order re Motions for Attorney's Fees
Page 6 of 7

Case 4:21-cv-00007-SLG   Document 95   Filed 02/04/22   Page 6 of 7

Defendants' claimed fees as he did not oppose either motion.[25]  Thus, the Court will rely on Defendants' figures in calculating the fee award.

## CONCLUSION

In light of the foregoing, DSB's *Motion for Attorneys' Fees* at Docket 89 and FNBA's *Joinder and Motion for Award of Attorney Fees and Costs* at Docket 90 are GRANTED in part and DENIED in part as set forth herein.  IT IS HEREBY ORDERED that DSB and FNBA shall recover from Plaintiff 100 percent of their attorney's fees attributable to defending the state law claims, or, respectively, $28,866.25 and $9,323.75.  The Clerk of Court shall enter an amended judgment accordingly.

DATED this 4th day of February, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[25] *See* Local Rule 7.1(h) ("The failure to respond to a non-dispositive motion as required by this rule subjects the motion to summary ruling by the court and may be deemed an admission that the motion is well taken."); *cf. Marron v. Stromstad*, 123 P.3d 992, 1014 (Alaska 2005) ("[W]here the rule authorizes reasonable actual fees, a court may not award attorney's fees to a party who has not itemized his or her requested fees, when the opposing party has requested such itemization.").

Case No. 4:21-cv-00007-SLG, *Bowers, et al. v. Denali State Bank, et al.*
Order re Motions for Attorney's Fees
Page 7 of 7

Case 4:21-cv-00007-SLG   Document 95   Filed 02/04/22   Page 7 of 7